Filed 10/23/25  P. v. Faial CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JERRY ANTHONY FAIAL,<br><br>    Defendant and Appellant. | A159026<br><br>(San Mateo County Super. Ct. No. SC083808) |

In *People v. Faial* (2025) 18 Cal.5th 199 (*Faial*), the California Supreme Court reversed the judgment of this court and remanded for further proceedings consistent with its opinion.  Following the Supreme Court's directive, we issue the instant opinion.

### DISCUSSION

Jerry Anthony Faial was convicted of first degree burglary, petty theft with a prior theft-related conviction, and two counts of criminal threats.  Various special and enhancement allegations were either found true or admitted.  (*People v. Faial* (2022) 75 Cal.App.5th 738, 741.)

On May 4, 2017, the trial court imposed a total sentence of 12 years but suspended its execution and placed Faial on four years of probation.  (*People v. Faial, supra,* 75 Cal.App.5th at p. 741.)  A little over two years later, on May 15, 2019, the trial court summarily revoked Faial's probation based on

two alleged probation violations occurring in January and March of 2019 and four alleged violations occurring on May 9, 2019. (*Id*. at p. 742.) In November 2019, the court found the six alleged violations true, terminated Faial's probation, and ordered execution of his 12-year sentence. (*Ibid*.)

On appeal, Faial did not challenge the sufficiency of the evidence supporting the six probation violations. (*People v. Faial*, *supra*, 75 Cal.App.5th at p. 742.) Instead, he contended that Assembly Bill No. 1950 (2019–2020 Reg. Sess.) ("Assembly Bill 1950") applied retroactively to shorten his probation term from four years to two years, thereby retroactively depriving the trial court of jurisdiction to revoke his probation after passage of the two-year mark and rendering the revocation and termination of his probation invalid. (*People v. Faial*, *supra*, at p. 742.)

In a partially published opinion, this court held "the passage of Assembly Bill 1950 did not invalidate the trial court's orders revoking and terminating [Faial's] probation and executing the previously imposed 12-year sentence." (*People v. Faial*, *supra*, 75 Cal.App.5th at p. 747, fn. omitted.)

On review of our holding, the California Supreme Court determined that "Assembly Bill 1950 can be applied retroactively to shorten [Faial's] period of probation such that his probation term expired two years after he was sentenced" and that Assembly Bill 1950 "authorizes relief from the consequences of acts occurring beyond the two-year period." (*Faial*, *supra*, 18 Cal.5th at p. 205.) Accordingly, the court concluded "the judgment affirming the orders revoking and terminating [Faial's] probation and executing his suspended sentence must be set aside." (*Ibid*.) The court reversed the judgment of this court and remanded "for proceedings not inconsistent" with its opinion. (*Id*. at p. 221.)

2

In response to our request, the parties submitted supplemental letter briefs expressing agreement with our outline of proposed actions for disposition of this matter on remand. Faial further requested, without objection from the People, that our opinion specify his probation terminated on May 4, 2019, as found by the Supreme Court. (See *Faial*, *supra*, 18 Cal.5th at p. 213 ["as Faial emphasizes, his probation period terminated by operation of law on May 4, 2019"].)

## DISPOSITION

Consistent with the foregoing, we reiterate the California Supreme Court's holding that Faial's "probation period terminated by operation of law on May 4, 2019." (*Faial*, *supra*, 18 Cal.5th at p. 213.) In view of the Supreme Court's holding, the judgment of the trial court is reversed, and the matter is remanded to the trial court with directions to (1) vacate its orders revoking and terminating Faial's probation and executing his suspended sentence; (2) vacate the enhancements imposed under Penal Code section 667.5, subdivision (b); (3) recalculate Faial's custody credits as indicated in this court's opinion in A159026; and (4) conduct other proceedings, or take other action, as necessary and appropriate.

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P. J.

_____
Petrou, J.

*People v. Faial* (A159026)

3